UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE ARNOLDO CARDENAS BERMUDEZ,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of United States Department of Homeland Security, et al.,

Respondents.

CASE NO. 2:26-cv-04275-TL

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus. Dkt. No. 1. Having reviewed the petition, Respondents' "abbreviated return" (Dkt. No. 4), and the relevant record, the Court GRANTS the petition.

## I. DISCUSSION

The Court notes that this petition is essentially unopposed. Respondents have "abbreviated" their opposition to the petition, asserting in total:

> Pursuant to this Court's Scheduling Order (Dkt. No. 2), Federal

> Respondents submit that immigration officials re-detained Petitioner after previously having been released from immigration detention. Federal Respondents request that this Court decide whether a writ should be granted based on the Petition and related filings. Dkt. No. 1.

Dkt. No. 4 at 1.

Petitioner asserts that he entered the United States on September 12, 2022, and was subsequently paroled into the United States. Dkt. No. 1 ¶ 3. On September 30, 2026, Petitioner was arrested and re-detained by Immigration and Customs Enforcement. *Id.* ¶ 9. Petitioner did not receive an individualized hearing prior to his re detention. *See id.* ¶ 57. Petitioner argues that his re-detention violates his due-process rights under the Fifth Amendment. *Id.* ¶¶ 12–13. Petitioner's petition includes three-part analysis prescribed in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), which evaluates whether the government has sufficiently afforded an individual their due process. *Id.* ¶¶ 38-50.

"In our adversarial system of adjudication, we follow the principle of party presentation," meaning that "in both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified). Respondents are represented by competent counsel. *See* Dkt. No. 3 (Notice of Appearance). The Court will not fill in the blanks for Respondents and, indeed, is "require[d] to do the opposite." *Ponzon Deroy v. Warden*, No. 5:26-cv-05972, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026).

Respondents' non-opposition represents both a concession that Petitioner's position has merit and a forfeiture of any argument that they might have made against it. *See id.* (citing

*Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.")); *see also Carrillo v. Mullin*, No. 5:26-cv-05229, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026). Consequently, the petition should be granted based on the Respondents' "failure to oppose the primary relief sought." *Ponzon Deroy*, 2026 WL 3132157, at *2; *see also id.* ("As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted.").

## II. CONCLUSION

Accordingly, Petitioner's petition (Dkt. No. 1) is GRANTED. It is hereby ORDERED:

(1) Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them:

(a) SHALL release Petitioner from detention **within twenty-four (24) hours** under appropriate conditions of release;

(b) SHALL submit to the Court, **within seven (7) days** of Petitioner's release from detention, a declaration or status report confirming that Petitioner has been released from custody and informing the Court of the date and time of his release.

Dated this 23rd day of November, 2026.

Tana Lin
United States District Judge